IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS UNITED, <br> 1006 Pennsylvania Avenue, S.E. <br> Washington, DC 20003, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT <br> OF STATE, <br> 2201 C Street, N.W. <br> Washington, DC 20520, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 16-cv-423 |

## COMPLAINT

Plaintiff Citizens United brings this action against Defendant the United States Department of State ("State Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Citizens United is a Virginia non-stock corporation with its principal place of business in Washington, D.C. Citizens United is organized and operated as a non-profit membership organization that is exempt from federal income tax under § 501(c)(4) of the U.S. Internal Revenue Code. Citizens United seeks to promote social welfare through informing and

educating the public on conservative ideas and positions in issues, including national defense, the free enterprise system, belief in God, and the family as the basic unit of society. In furtherance of those ends, Citizens United produces and distributes information and documentary films on matters of public importance. Citizens United regularly requests access to the public records of federal government agencies, entities, and offices, to disseminate its findings to the public through its documentary films and publications.

4. Defendant, the United States Department of State, is an agency of the United States Government and is headquartered at 2201 C Street N.W., Washington, D.C. 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. Citizens United routinely submits FOIA requests, and this matter concerns three FOIA requests submitted to Defendant between January 15, 2016 and January 21, 2016 to which Defendant has failed to respond.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to Citizens United's FOIA requests within twenty working days of each request.

7. With regard to each of Citizens United's three FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to any of the three FOIA requests. In fact, as of the date of this Complaint, Defendant has failed to produce a single responsive record or assert any claims that responsive records are exempt from production.

8. When left to their own devices in the past, State Department bureaucrats have taken over three years to respond to Citizens United's FOIA requests. Such extensive delays are in clear violation of both the letter and the spirit of FOIA.

9.      Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Citizens United is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

A.   **CITIZENS UNITED'S JANUARY 15, 2016 FOIA REQUEST FOR RECORDS CONCERNING THE CLINTON EXECUTIVE SERVICES CORP. (F-2016-00372)**

10.     On January 15, 2016, Citizens United submitted a FOIA request, online, to Defendant.  *See* Exhibit A.  The request sought:

> [A]ny records, emails, communications, investigations, or reports of the U.S. State Department Office of the Assistant Legal Advisor for Ethics and Financial Disclosure, or its staff, regarding or discussing the Clinton Executive Services Corp.  Clinton Executive Services Corp. was registered with the New York State government on December 8, 2010, and has since been the company through which Hillary Clinton has paid for her private server since she left the U.S. State Department in 2013.  See, Rachael Bade, "Employee At Clinton's Email Hosting Company Feared a Cover-Up," Politico, 10/06/15.

The time period covered by the FOIA request was January 1, 2009 to the date of the request (January 15, 2016).

11.     Citizens United, as a member of the media, requested expedited processing of this FOIA request.  *See* Exhibit A.

12.     The State Department acknowledged receipt of the FOIA request on the date of its submission.  *See* Exhibit A.

13.     In a letter dated February 5, 2016, Defendant again acknowledged receipt of Citizens United's FOIA request, assigned the request Case Control Number F-2016-00372, and informed Citizens United that the request "does warrant expedited processing."  *See* Exhibit B.

14.     Despite determining that the request warranted expedited processing, as of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

3

B.  **CITIZENS UNITED'S JANUARY 15, 2016 FOIA REQUEST FOR ALL EMAIL COMMUNICATIONS BETWEEN DAVID WADE AND CHERYL MILLS OR HEATHER SAMUELSON (F-2016-00375)**

15. On January 15, 2016, Citizens United submitted a FOIA request, online, to Defendant. *See* Exhibit C. The request sought:

> [A]ll emails between former Chief of Staff to the Secretary of State David Wade and the following people: (1) Former State Department Chief of Staff Cheryl Mills; (2) Former State Department Senior Adviser and White House Liaison Heather Samuelson; Both Cheryl Mills and Heather Samuelson were involved in the review of former Secretary of State Hillary Clinton's emails before they were turned over to the State Department. See, Rachael Bade, "Meet The Clinton Insider Who Screened Hillary's Emails," Politico, 9/4/15.

The time period covered by the FOIA request was February 1, 2013 to March 31, 2015.

16. Citizens United, as a member of the media, requested expedited processing of this FOIA request. *See* Exhibit C.

17. The State Department acknowledged receipt of the FOIA request on the date of its submission. *See* Exhibit C.

18. In a letter dated February 5, 2016, Defendant again acknowledged receipt of Citizens United's FOIA request, assigned it Case Control Number F-2016-00375, and informed Citizens United that the request "does warrant expedited processing." *See* Exhibit D.

19. Despite determining that the request warranted expedited processing, as of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

C.  **CITIZENS UNITED'S JANUARY 21, 2016 FOIA REQUEST FOR EMAIL COMMUNICATIONS BETWEEN HEATHER SAMUELSON AND CHERYL MILLS OR HUMA ABEDIN (F-2016-00517)**

20. On January 21, 2016, Citizens United submitted a FOIA request, online, to Defendant. *See* Exhibit E. The request sought:

4

> [A]ll emails between former State Department Senior Advisor and White House Liaison Heather Samuelson and the following people: (1) Former State Department Chief of Staff Cheryl Mills; (2) Former State Department Deputy Chief of Staff Huma Abedin.

The time period covered by the FOIA request was January 20, 2009 to March 31, 2013.

21. Citizens United, as a member of the media, requested expedited processing of this FOIA request. *See* Exhibit E.

22. The State Department acknowledged receipt of the FOIA request on the date of its submission. *See* Exhibit E.

23. In a letter dated February 5, 2016, Defendant again acknowledged receipt of Citizens United's FOIA request, assigned it Case Control Number F-2016-00517, and informed Citizens United that the request "does warrant expedited processing." *See* Exhibit F.

24. Despite determining that the request warranted expedited processing, as of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

25. Plaintiff realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant has failed to make a determination regarding Citizens United's January 15, 2016 FOIA request for records concerning the Clinton Executive Services Corp. (F-2016-00372) within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

27. Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 2
**(Violation of FOIA, 5 U.S.C. § 552)**

28. Plaintiff realleges paragraphs 1 through 24 as though fully set forth herein.

29. Defendant has failed to make a determination regarding Citizens United's January 15, 2016 FOIA request for email communications between David Wade and Cheryl Mills or Heather Samuelson (F-2016-00375) within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

30. Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 3
**(Violation of FOIA, 5 U.S.C. § 552)**

31. Plaintiff realleges paragraphs 1 through 24 as though fully set forth herein.

32. Defendant has failed to make a determination regarding Citizens United's January 21, 2016 FOIA request for email communications between Heather Samuelson and Cheryl Mills or Huma Abedin (F-2016-00517) within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

33. Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Citizens United requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Citizens United's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Citizens United's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Citizens United's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Citizens United's FOIA requests;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5. U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated: March 3, 2016

   /s/ Jeremiah L. Morgan
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson
(D.C. Bar No. 233833)
John S. Miles
(D.C. Bar No. 166751)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
CITIZENS UNITED